UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
FEB 2 0 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:25CR058 HEA/SRW |
| ) | |
| AYANA J. BROWN, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times material to this Indictment, unless otherwise specified below:

### The Defendant and Her Registered Corporation

1. Defendant AYANA J. BROWN ("BROWN") was a resident of Florissant, Missouri, within the Eastern District of Missouri.

2. Yaya Flowtiques LLC ("Yaya Flowtiques") was a corporation registered with the Missouri Secretary of State. According to documents filed with the Missouri Secretary of State, BROWN was the registered agent and organizer of Yaya Flowtiques.

3. BROWN was the owner of and signatory for Chase Bank account number xxxxx1450 in the name of Yaya Flowtiques ("Yaya Flowtiques Bank Account").

### The Employee Retention Tax Credit

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the internal revenue laws of the United States.

5. The Employee Retention Tax Credit ("ERC") was a tax credit designed to encourage businesses to retain employees on their payroll during the COVID-19 pandemic. The ERC was introduced as part of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and was modified and extended by subsequent legislation.

6. The ERC was a refundable tax credit available to certain eligible employers that paid qualified wages to employees between March 13, 2020, and December 31, 2021. Generally, businesses qualified for the ERC if they (a) were shut down by a government order due to the COVID-19 pandemic during 2020 or the first three quarters of 2021; (b) experienced a 50 percent decline in gross receipts during the pandemic; or (c) qualified as a recovery startup business for the third or fourth quarters of 2021.

7. The amount of ERC for which an employer was eligible was based on the number of employees and amount of qualified wages paid to those employees. The ERC was capped at $5,000 per employee for calendar year 2020 and $7,000 per employee per quarter for calendar year 2021.

8. Eligible employers could receive the ERC by claiming the credit on an employment tax return, IRS Form 941 (Employer's Quarterly Federal Tax Return), or on an amended quarterly tax return, IRS Form 941-X (Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund).

9. Because the ERC was a refundable tax credit, an eligible employer could qualify for a credit that was larger than the tax owed for the relevant period, which resulted in a refund for the employer, which was paid by the United States Department of the Treasury. Refunds were generally paid via United States Treasury checks, which were mailed to the address reflected on the employer's tax return.

### Defendant's Fraudulent Employment Tax Returns Claiming the ERC

10. On or about December 24, 2022, BROWN filed and caused to be filed with the IRS two (2) fraudulent quarterly employment tax returns (IRS Form 941s) on behalf of Yaya Flowtiques for the first and second quarters of 2021.

11. In these fraudulent employment tax returns, BROWN falsely represented that Yaya Flowtiques had 5 employees and paid approximately $177,321.77 and $145,098.88 in wages for the first and second quarters of 2021, respectively. BROWN also fraudulently claimed ERCs and requested tax refunds totaling over $176,000 on behalf of Yaya Flowtiques. In truth and fact, BROWN did not employ anyone at Yaya Flowtiques during this time period and did not pay the wages represented in the fraudulent employment tax returns.

12. Based on these fraudulent employment tax returns, BROWN caused the IRS, on or about February 7, 2023, to issue two (2) United States Treasury checks in the amounts of approximately $97,645.53 and $79,901.40 to Yaya Flowtiques, representing tax refunds for the first and second quarters of 2021, and to mail these checks to BROWN's residence.

13. On or about February 10, 2023, BROWN deposited and caused the deposit of these two (2) United States Treasury checks into the Yaya Flowtiques Bank Account. BROWN spent the funds from these checks on personal expenses such as food, clothing, and furniture and withdrew the funds in cash.

### COUNT 1
### Theft of Government Property (18 U.S.C. § 641)

14. The above paragraphs are realleged and incorporated by reference as if fully set forth herein.

15. On or about February 10, 2023, in Florissant, Missouri, in the Eastern District of Missouri, the defendant,

3

**AYANA J. BROWN**,

voluntarily, intentionally, and knowingly stole and converted to her use and the use of another money and property of the United States of a value exceeding $1,000, namely, a United States Treasury check issued to Yayá Flowtiques in the amount of $97,645.53, representing a fraudulently obtained tax refund for Yaya Flowtiques for the first quarter of 2021.

In violation of Title 18, United States Code, Section 641.

## COUNT 2
### Theft of Government Property (18 U.S.C. § 641)

16. The above paragraphs are realleged and incorporated by reference as if fully set forth herein.

17. On or about February 10, 2023, in Florissant, Missouri, in the Eastern District of Missouri, the defendant,

**AYANA J. BROWN**,

voluntarily, intentionally, and knowingly stole and converted to her use and the use of another money and property of the United States of a value exceeding $1,000, namely, a United States Treasury check issued to Yaya Flowtiques in the amount of $79,901.40, representing a fraudulently obtained tax refund for Yaya Flowtiques for the second quarter of 2021.

In violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United State Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 641, as set forth in Counts 1 through 2, the Defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds

traceable to such violation(s).

2.  Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation(s), which is at least $177,546.93.

3.  If any of the property described above, as a result of any act or omission of the Defendants:

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
JONATHAN A. CLOW, #68003MO
Assistant United States Attorney